Argued September 13, decided September 26, 1911.

## PETERSON *v.* BOGNER.

[117 Pac. 805.]

TRIAL—INSTRUCTIONS AS TO DUTY OF JURY.

1. The clause of an instruction, "You are not to set yourselves up as a board of arbitration, or take money from one party and give it to the other, just because you can, or because you think you can," does not render erroneous an instruction cautioning the jury, as directed by Section 868, L. O. L., to the effect that they must arrive at their verdict from the evidence produced at the trial and the law given by the court.

BROKERS—RIGHT TO COMMISSIONS—INSTRUCTIONS.

2. The clause of an instruction that a real estate agent "is entitled to his commission when he produces to the landowner, a purchaser who is ready, able and willing to buy the land on the terms offered," is not inconsistent with one that "plaintiff must show that he brought together defendant and the purchaser, and the purchaser was induced to buy defendant's farm, and his efforts were the producing cause of the sale."

BROKERS—AUTHORITY TO SELL—REVOCATION.

3. Notwithstanding Section 797, B. & C. Comp., as amended by Acts 1909, p. 69 (Section 808, L. O. L.), requiring agency of a broker to sell real estate for a commission to be in writing, authority to sell, except at a price higher than stated in the writing, may be withdrawn by parol.

BROKERS—ACTION FOR COMMISSIONS—INSTRUCTION.

4. An instruction in an action by a broker for commissions that the original price at which he was authorized to sell was a certain amount, yet, if afterwards the parties made a new contract whereby the price at which plaintiff could sell was raised, he must prove he produced a party ready, able and willing to buy at the latter price, does not require plaintiff to prove defendant's defense.

From Marion: GEORGE H. BURNETT, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is an action by L. E. Peterson against Michael Bogner to recover a commission on the sale of real estate.

Plaintiff, a real estate broker, alleges that in September, 1908, defendant, who was the owner of a farm of about 140 acres in Marion County, Oregon, orally employed him to procure and produce a purchaser therefor at the price of $15,500 for a commission of three per cent of the purchase price, and that on November 18, 1909, he did procure and produce a purchaser, John Fiken, to whom defendant sold the farm at that price. All the material allegations of the complaint are denied by the answer, and defendant alleges that in the summer of 1909 he made a verbal agreement that, if plaintiff would procure a purchaser for his farm at $115 an acre, on terms and conditions satisfactory to defendant, he would pay him three per cent commission on the price. Defendant admits that he sold the farm to John Fiken for $15,500, but that plaintiff did not procure said Fiken as such purchaser. Upon the trial the court gave certain instructions to the jury to a part of which plaintiff excepted, and these are the errors assigned. There was a verdict for defendant, and plaintiff appeals.          AFFIRMED.

For appellant there was a brief over the names of *Mr. Frank Holmes* and *Mr. Hiram Overton,* with an oral argument by *Mr. Holmes.*

For respondent there was a brief over the names of *Messrs. Carson & Brown,* with an oral argument by *Mr. Thomas Brown.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1. Plaintiff excepts to the following portion of an instruction:

"You are not to set yourselves up as a board of arbitration, or take money from one party and give it to the other, just because you can, or because you think you can."

This was but a clause in an instruction cautioning the jury, as directed by Section 868, L. O. L., to the effect that

they must arrive at their verdict from the evidence produced at the trial and the law given by the court.   The instruction as a whole was unobjectionable.

2. The court instructed the jury that a real estate agent "is entitled to his commission when he produces to the landowner a purchaser who is ready, able, and willing to buy the land upon the terms offered. * * Plaintiff must show that he brought together this defendant and the purchaser, Fiken, and that thereby the purchaser was induced to buy defendant's farm, and his efforts were the producing cause of the sale." Plaintiff excepts to these portions of the instruction because the court did not add to the first clause quoted the words "or was the procuring cause of the sale," and further contends that these two clauses are inconsistent.   The language quoted is only a part of one instruction of about two pages, explaining to the jury the circumstances under which a real estate broker is entitled to a commission for a sale of real estate.   These statements quoted are not inconsistent, and taken with the whole instruction, correctly state what is essential to a right of recovery and are within the issue tendered by the complaint.

3. Plaintiff also assigns as error the following language contained in the same instruction:

"Although the original terms were for $15,500, yet, if afterwards they made a new contract (in the summer of 1909), whereby they raised the price to $115 per acre, * * that would be a new contract, and the plaintiff must then prove that he produced a purchaser who was ready, able, and willing to buy at $115 per acre."

Plaintiff's objection thereto is that under the statute of 1909 (Laws 1909, p. 69), amending Section 797, B. & C. Comp. (Section 808, L. O. L.), which requires the agency of a broker to buy or sell real estate for a commission to be in writing, the same is void, as the change was not in writing.   Defendant testifies that at the time

the price was changed to $115 per acre he told plaintiff that "I would not sell the farm for that price no more. I want $115 per acre." This testimony of defendant is not disputed by plaintiff. On the contrary, it is practically admitted, as he testifies that he raised the price to $16,000 and stated that price to Fiken. If such a modification as to price was void under the statute of frauds, the evidence shows that defendant at least canceled or withdrew the authority of plaintiff to find a buyer at $15,500, and left him without any agreement, and plaintiff has nothing to gain by this contention.

4. Neither does the instruction require plaintiff to prove the defendant's defense as suggested by plaintiff. It only states what the effect would be if it appears that the price was changed.

Without special reference to the other errors assigned in this instruction, it is sufficient to say that they are without merit. The judgment of the lower court is affirmed.                                   AFFIRMED.